IN THE COURT OF COMMON PLEAS, GUERNSEY COUNTY, OHIO
CIVIL DIVISION

2010 MAY 27 PM 2:20

TERESA A. DANKOVIC
CLERK OF COURTS
GUERNSEY CO., OHIO

| | | |
|---|---|---|
| **Larry Bowers**<br>1536 Chadford Gate SE<br>North Canton, OH 44709 | : | Case No. 10CV241<br>Judge Ellwood |
| **Wendexx Ltd.**<br>910 N. 10th Street<br>Cambridge, Ohio 43725 | : | **Plaintiff's Verified Complaint for Declaratory Judgment for Rescission, Fraud and Damages** |
| Plaintiffs, | : | |
| vs. | : | |
| **Tri-State Petroleum Corporation**<br>North 27th and Vance Avenue<br>P.O. Box 4006<br>Wheeling, West Virginia 26003<br>c/o: Edward Coyne<br>North 27th & Vance Avenue<br>Wheeling, West Virginia 26003<br>c/o: Colleen McGlinn, President<br>112 Foreside Road<br>Falmouth, ME 04105 | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

I hereby certify this to be a true copy of the original filed in this office on _____, 20 10
TERESA A. DANKOVIC
Clerk of Courts, Guernsey Co., Ohio
By _____ Deputy

## PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, FRAUD & DAMAGES

Now come Plaintiffs Larry Bowers and Wendexx Ltd, through counsel and hereby respectfully states as follows:

1. Plaintiff Larry Bowers and Wendexx Ltd. entered into the "Complete Contract of Sale" with Defendant Tri-State Petroleum Corporation on September 1, 1999. (Exhibit "A", attached).

2. The premises concerning the "Complete Contract of Sale" is located at 2180 East Wheeling Avenue, Cambridge, Ohio.

3. Plaintiff Larry Bowers is a current resident of North Canton, Stark County, Ohio.

4. Wendexx Ltd is an Ohio limited liability company.

5. Tri-State Petroleum, Corporation is a West Virginia Corporation with its principal place of business in Wheeling, West Virginia.

6. The Complete Contract of Sale between Plaintiffs and Defendant was a contract for Plaintiffs to purchase gasoline, #2 diesel and automotive engine oils according to a commodity schedule from Defendant. (Exhibit "A", attached).

7. The complete contract of sale between the parties was signed in Cambridge, Ohio on September 1, 1999.

8. The Complete Contract of Sale between Plaintiffs and Defendant constitutes a Business Opportunity Plan under Ohio Revised Code §1334.

9. Defendants required Plaintiffs to purchase a minimum of 74,100 gallons of regular gasoline, 34, 900 gallons of premium gasoline and 5,000 gallons of #2 diesel per month. (Exhibit "A" attached Commodity schedules).

10. Defendants refer to Plaintiffs as "franchisees" in several items of correspondence. (Exhibit "B," "C," and "D").

11. On March 19, 2010, Defendant Tri-State Petroleum Corporation sought to renew the contract for three additional five year renewal terms as set forth in the contract. (Exhibit "D").

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this matter pursuant to Ohio Revised Code (O.R.C) §1334.10.

**COUNT ONE: DECLARATORY ORDER FOR RESCISSION AND DAMAGES FOR VIOLATIONS OF THE BUSINESS OPPORTUNITY PLAN ACT**

13. Defendant violated the Business Opportunity Plan Act under Ohio Revised Code (O.R.C.). §1334.02 by never providing the statutorily required written disclosure documents to Plaintiffs at least ten business days before the Complete Contract of Sale was signed by both parties.

14. Defendant violated O.R.C. §1334.03 by making oral representations to Plaintiffs concerning potential sales, income, gross and net profits without providing any written data substantiating the representation at least ten business days prior to executing the Complete Contract of Sale.

15. Defendant violated O.R.C. §1334.06 by not providing written notice of Plaintiffs' right to cancel the agreement.

16. Pursuant to O.R.C. §1334.09, for violations of O.R.C. §1334.01 to §1334.15, Plaintiffs have a cause of action to seek a declaratory judgment for rescission of their contract and seek to

2

recover damages three times the amount of actual damages, which exceeds $25,000 and will be proven at court.

**COUNT II: FRAUDULENT MISREPRESENTATION**

17. Defendant made fraudulent misrepresentations that they knew were false and misleading on or around September 1, 1999 by providing Plaintiffs with fraudulent representations that Plaintiffs would pump 2,736,000 gallons of gasoline every two years at their gas station and average 10 cents per gallon profit, required Defendants to pump 2,736,000 gallons every two years and Defendant further represented to Plaintiffs that they would need a minimum of 12 fuel pumps to handle that capacity (See attached Exhibit "A").

18. For Defendant's rebate program, Tri-State Petroleum Corporation estimated that the Plaintiff would pump 1,664,000 for a $0.035 cent rebate per gallon but required Plaintiff to pump 2,736,000 according to the Contract (See attached Exhibit "A").

19. Plaintiffs relied on these representations when agreeing to enter into the contract of sale with the Defendant.

20. Plaintiffs also relied on these representations when agreeing to install a 2,000 foot facility and 12 pumps in order to meet the required 2,736,000 gallons per every two years that would be pumped.

21. Plaintiffs suffered economic injury and losses as a result of these false material representations in that they were never able to sell gasoline at the volume they were told was expected by the Defendant's and its agents.

22. Plaintiff were only able to pump 1,242,300 gallons from July, 2000-June, 2002, which is 1,493,700 gallons less than the Defendant's required Plaintiff to sell and 421,700 less than Defendants estimated that Plaintiff would sell in the rebate program. (See attached Exhibit "A" and "E").

23. Plaintiffs were also injured from Defendant's material misrepresentations because they were forced to close operations for 12 months between 2008 and 2009 and were not able to pump the represented amount of gallons of gas resulting in Plaintiffs incurring losses exceeding $25,000, which will be more fully demonstrated in court.

3

## COUNT III: FRAUDULENT INDUCEMENT

24. Defendants knowingly made false material misrepresentations concerning potential sales, income, gross and net profits to Plaintiff regarding expected gasoline sales they could sell from their station in Cambridge, Ohio with the intent of inducing the Plaintiffs' reliance thereon to enter into a contract for the purchase of petroleum products from Defendant at volumes that were impossible to meet.

25. Plaintiffs relied on these representations to their detriment and suffered damages in excess of $25,000.

**WHEREFORE,** as to Counts I, II and III, Plaintiffs request that the Complete Contract of Sale between the parties be declared void and rescinded and demand judgment against the Defendant under O.R.C. §1334.01 to 1334.15 for an amount in excess of $25,000 for compensatory damages, punitive damages, attorneys' fees and any further relief permitted under Ohio law.

Respectfully Submitted,

Robert A. Bracco (0020567)
Eric Wahl (0073749)
Britani L. Galloway (0085332)
Attorneys for Plaintiffs
1170 Old Henderson Road, Suite 109
Columbus, Ohio 43220
(614) 442-1953

## JURY DEMAND

The Plaintiffs request and demand a jury to try all issues of fact contained herein so triable by right.

Robert A. Bracco (0020567)
Eric Wahl (0073749)
Britani L. Galloway (0085332)
Attorneys for Plaintiffs
1170 Old Henderson Road, Suite 109
Columbus, Ohio 43220
(614) 442-1953

4

## **VERIFICATION**

The undersigned Plaintiff, Larry Bowers, certifies that the allegations contained herein are true and accurate to the best of my knowledge.

_____
Larry Bowers, Plaintiff